ALBANY CITY SAVINGS INSTITUTION, Respondent, *v.*
MARY DELIA BURDICK, Appellant, Impleaded with
GEORGE MARTIN and others.

*Assumption of a mortgage by a grantee — insertion of such covenant by the grantor
by mistake or by fraud —right of the grantee to be relieved from such covenant—
what facts do not entitle him to relief.*

In this action, brought to foreclose a mortgage, it was sought to hold the defendant
Burdick personally liable for any deficiency, under a covenant contained in the
deed to her, by which she assumed the payment of the mortgage. She interposed
an answer, alleging that she had agreed to purchase the interest of her grantor,
Martin, in the premises, subject to the mortgage, but had never agreed to
assume or pay the same; that the covenant had been inserted in the deed
without her knowledge or consent, and was in violation of the terms of her
agreement with Martin; that the conveyance was·prepared by Martin, and
that he caused the said covenant to be inserted therein for the purpose of
charging her personally with the mortgage, knowing that it was not in accord-
ance with the agreement, and for the purpose of injuring and defrauding her,
and to relieve himself from liability therefor; that relying upon the honesty
of the said Martin, and believing that he had drawn the deed in accordance
with the agreement, the deed was not carefully examined when received and
recorded by the defendant's agent, and that the inserting of the said covenant
therein was not discovered by the defendant until shortly before the com-
mencement of this action. She sought to have the conveyance reformed by
striking out the said covenant.

*Held,* that the facts stated in the answer did not justify a reformation of the con-
veyance on the ground of mutual mistake, as it was alleged·that Martin
intentionally caused the covenant to be inserted therein.

That the facts stated did not authorize the granting of the relief sought on the
ground of fraud, as the only reason given for the non-discovery of the covenant
at the time of the delivery of the deed was the failure of the defendant or her
agent to examine it, and that the failure to make such an examination was
such negligence as deprived her of the right to the relief sought.

That the facts stated in the answer constituted no defence to the action. (Learned,
P. J., dissenting.)

Appeal from a judgment in favor of the plaintiff, entered upon
·a verdict directed by the court. (For the opinion in the court
below, see 56 How. Pr. R., 500.)

The action was brought to foreclose a mortgage, made by the
defendant George Martin to the plaintiff, on property which
Martin had subsequently conveyed to the defendant Mary Delia
Burdick. The deed to her contained a clause by which she

assumed the payment of the mortgage, and under this clause the plaintiff sought to hold her liable for any deficiency that might arise on the sale.

She put in an answer alleging, among other things,

" That on the 29th day of January, 1875, as in said complaint stated, this defendant and Norman Burdick, who is also a defendant herein, entered into an agreement with said George Martin, defendant, whereby said Martin, for a good and valuable consideration to be to said Martin paid, agreed to sell and convey to said Norman Burdick and this defendant as they should direct, and said Burdick agreed to purchase and take the title from and of the said Martin, and to pay him for houses and lots in the Fifteenth ward, Albany, of which the premises (designated in this action as No. 16) described in plaintiff's complaint was one. That it was also then and thereby agreed by said Martin that he was to convey and deed to the said Burdicks, either jointly or severally, as they chose, each of the said houses and lots and the house and lot upon which plaintiff's mortgage was then an incumbrance, and which said deed and deeds were to grant and convey all the right, title and interest of said Martin of, in and to said premises to said Burdick, and to the same extent, and in the same degree, manner and interest, and with the same right in, and with the same title that said Martin then owned, had in or held the same, and so that said grantee should take and own and hold the same right in, and the same title to and interest in the property and in the premises, and in each of the same that said Martin then had, held and owned therein. That it was also a part of said agreement that said Martin should procure the deed to each of the houses and lots to be drawn and executed and ready for delivery, and should deliver each of them to said Burdick, or either of them, under and in accordance with the agreement herein and not otherwise, and upon the delivery thereof they were to pay to said Martin the purchase price thereof, which was fixed in said agreement. That under and pursuant to such agreement, as said Burdicks and each of them believed to be fact and truth therein, the said Martin on or about the said 29th day of January, 1875, delivered to said Norman Burdick, and in execution of said agreement as the same purported to be, at one and

the same time, separate deeds conveying said houses and lots so contracted for as follows : to said Norman Burdick, to said Mary Delia Burdick, and to said Jonathan Burdick, and the consideration therefor was then paid to said Martin. That at the time of said delivery the defendant, Norman Burdick, to whom such delivery was made, and by whom principally the said negotiations upon the part of this defendant and Jonathan M. Burdick and himself were carried on, having entire confidence in said Martin's honesty, and fully believing that said Martin would carry out said agreement according to its terms, and would have each of said deeds drawn, executed and delivered according to the terms of said purchase and agreement and not otherwise, and fully believing that each of said deeds, and the deed mentioned to defendant in plaintiff's complaint, which was one of them thus delivered to and received by and for this defendant, were each, and this one was, of the kind they agreed to take and the said Martin did agree to give, and that they each and this one gave and granted and conveyed to the grantees therein named from said Martin each and all of the rights and interests that said Martin then had and could give them therein, and believing that each of said deeds contained no other clause or provision than such as was required and necessary to carry out such contract and no more, and to convey the title and rights to them as aforesaid, and as had been bargained for, did not carefully examine the same, and still resting under such belief were by said Norman Burdick afterwards recorded. That this defendant or said Norman Burdick never examined the terms and conditions of said deed until at or about the commencement of this action, for the reason that she and said Norman Burdick supposed and believed that said deed had been made in accordance with the terms and conditions of said agreement until on or about the time that this action was about to be commenced.

" Defendant further says that she never, nor any one on her behalf authorized, contracted to buy, or bought or purchased, or took or agreed to take or buy the said premises subject to said mortgage, and she never assumed or in any way agreed to buy or become liable to pay the said mortgage or bond, or any incumbrance on said premises, and she never in any way or manner

agreed or consented, nor did any one in her behalf authorized, to have any such clause or clauses or provisions, or anything in substance or of the like thereof, placed in said deed, and she never or any one in her behalf authorized, in any way consented or agreed to have any clause or provisions placed in said deed by which her title was to be made subject to said bond or mortgage, or by which she was to assume and agree to pay the same, or to be liable for the payment thereof, and that she would not have taken the said deed if she had known said conditions were placed therein. But that defendant and said Norman Burdick supposed, and was led and induced by said Martin to believe, that at the time she took said deed she purchased and took and Martin granted and conveyed only the said rights and the said title which said Martin then had in the premises, and which defendant had contracted for and not otherwise, and defendant believes now, as she then did, that in taking said deed she assumed no liability of any nature under the said deed, bond or mortgage, and all she could be called upon ever or then to pay was the purchase money to be paid to said Martin for his interests and rights in the premises and no more.

"Defendant further alleges that since the commencement of this action she has been for the first time informed, and now believes and alleges, that said Martin at the time of his giving and delivering such deed well knew of said clauses and provisions therein which purported to bind this defendant to pay said mortgage, and they were placed therein by his advice and direction, and with his knowledge and consent, and for the purpose and with the intent of placing upon this defendant the liability of said Martin and the bond which he was obligated to pay, in violation of the terms of said contract, and for the purpose of injuring and defrauding defendant out of her property and rights, and they were so placed in said deed in fraud of said Martin's agreement of sale so made by and between him and said Norman Burdick, the said Martin thereby intending to relieve himself from the obligation which he had theretofore incurred thereunder and was then liable therein.

"This defendant further alleges, that said deed so given and delivered by said Martin to defendant, and upon which the lia-

bility of the defendant to plaintiff is sought to be established herein, did not and does not contain or represent or express the contract entered into by and between said Martin and defendant, or any one in her behalf authorized, in reference to the purchase and sale of said houses and lots and premises, in that it contains a clause by which defendant is made to assume and agree to pay the said bond and mortgage, and to take the title of said premises subject to said bond and mortgage, and which said clause this defendant never did agree should be put into said deed, and which said assuming and agreeing to pay said mortgage defendant never did consent to, nor in any way, or at any time, authorized said Martin or any person to insert any condition to that effect.

" Defendant further says that she has entered into no contract with plaintiff, or any person whatsoever in reference to said mortgage, and has assumed no liability thereon or thereunder, or which is due to plaintiff or said Martin touching the same, and that the said bond and mortgage upon which this action is brought and defendant sought to be made liable was given, as she is informed and believes, by said Martin and wife to plaintiff, and defendant is in no way a party thereto, or liable thereunder, and that the clause or provision in said deed by which plaintiff seeks to make defendant personally liable for the payment of the same, or of any deficiency that may arise upon the sale of said premises, is the said clause or provision which defendant alleges was placed in said deed in violation of his contract of purchase, and without the knowledge or consent of defendant and in fraud of her rights, and defendant denies that she is, in consequence of the premises herein stated, liable in any event thereon, or that she is in any way personally liable to plaintiff thereon, and therefore demands relief. That the clauses or provision in said deed upon which she is thus sought to be held liable be canceled or rescinded, or struck out of the said deed, or that the same be reformed so that it shall conform to the intent and agreement of this defendant, and to be the agreement made between the parties to the sale and purchase of said premises, or that she be allowed to restore said premises to said Martin, and he be directed to restore her to her former position, or that defendant be allowed to quit claim to plaintiff, and plaintiff be obliged to accept from defendant (and which

defendant already offered and tendered to plaintiff to do), all her interest in said premises, and that plaintiff thereupon discharge defendant from any charge under said clauses so falsely and fraudulently inserted in said deed, or for such other and further relief legal or equitable as the premises shall warrant."

*Reilly & Hamilton*, for the appellant. Defendant may set forth in his answer as many defences or counter-claims, or both, as he may have, whether they are such as were formerly denominated legal or equitable. (New Code, § 507; Old Code, § 150; 1 Story's Eq. Pr., 165, § 161 [11th ed.]; 24 Barb., 154; 12 How. Pr., 355; *Hunt* v. *Farmers' Trust Co.*, 8 id., 156; *Dobson* v. *Pearce*, 12 N. Y., 156.) The facts alleged in the defendant's answer would have been good cause for relief in a Court of Chancery, and under our present system are, therefore, proper matters of defence. (*Dobson* v. *Pearce, supra; Sheehan* v. *Hamilton*, 2 Keyes, 304; Story's Eq. Jur. [vol. 1, § 165], 159; *Cady* v. *Patton*, 55 Barb., 463.) The plaintiffs stand in no better position than as assignee of defendant Martin. Any equities existing between the parties to the contract may be enforced against the plaintiff. (*Andrews* v. *Gillespie*, 47 N. Y., 487; *Garnsey* v. *Rogers*, 47 id., 233.) The mistake or fraud in a written contract may be shown in an action by the assignee thereof, even if the assignor is not made a party. (*Andrews* v. *Gillespie, supra.*)

*Amasa J. Parker*, for the respondent. The attempt of the defendant on the trial to reform the deed was properly overruled. The proper pleadings had not been framed for that purpose. (1 Jones on Mortgages, 73, § 98; *French* v. *Griffin*, 18 N. J. Eq., 279; *Auburn City Bank* v. *Leonard*, 20 How., 193; *Webster* v. *Bond*, 9 Hun, 440; 2 Wait's Practice, 477; Code of Civil Procedure, § 521; *Cady* v. *Potter*, 55 Barb., 463; *Cassler* v. *Sitts*, 6 Hun, 659; 1 Story's Eq., § 165; *Ramsey* v. *McMullen*, 5 Abb. New Cases, 246.) The deed itself is the contract between the parties. It can only be reformed upon one of two grounds : one is a mutual mistake, which is not here pretended ; the other is fraud. (*Story* v. *Conger*, 33 N. Y., 676.) No action will lie in such a case. (*Long* v. *Warren*, 68 id , 426; *Slaughter's*

*Admrs.* v. *Gerson*, 13 Wall., 383; Bigelow on Frauds, 66; *Tallman* v. *Green*, 3 Sandf. Eq. R., 441, 442; *Starr* v. *Bennett*, 5 Hill, 303; *Commissioners* v. *Younger*, 29 Cal., 172–176; *Moran* v. *McLarty*, 11 Hun, 66; *Bacon* v. *Markley*, 46 Ind. Rep., 116.) When a person signs or accepts an instrument without reading it or asking that it be read, and no device is practiced to prevent his reading, he places himself beyond the reach of legal or equitable relief. (*Rogers* v. *Place*, 29 Ind. R., 577; *Craig* v. *Hobbs*, 44 id., 363; *Hawkins* v. *Hawkins*, 50 Cal. R, 558, *Jackson* v. *Craig*, 12 Johns., 427; *Albany City Savings Bank* v. *Martin*, 56 How. Pr. R., 500; *Attwood* v. *Small*, 6 Clark & Finn, 233.) It is only in very plain cases that a deed will be reformed. The right of reformation of contracts will not be extended. *Miaghan* v. *Hartford Fire Ins. Co.*, 12 Hun, 321, 323, and cases there cited.)

BOCKES, J. :

The exception to the ruling which denied to the defendant the affirmative of the issue is not urged on this appeal. Such ruling is obviously without materiality, in case the subsequent decision that the party was without defence on her pleading was sound in law. The latter ruling presents the only question in this case.

The conveyance of the mortgaged premises by Martin, the mortgagor, to Mrs. Burdick was declared in the deed to be subject to the lien of the mortgage in suit; and, as was also stated therein, she assumed and agreed to pay the mortgage debt. By force of this provision in the deed, Mrs. Burdick, the grantee, became personally liable to the mortgagee, and this liability the latter sought to enforce. To countervail and defeat this claim made by the mortgagee, Mrs. Burdick set up in her answer (1) that she did not agree with Martin to assume and pay the mortgage; (2) that the clause in that regard was inserted in the deed without her knowledge or consent; (3) that although she accepted the deed and caused it to be recorded, yet she had no knowledge that it contained this provision until the commencement of this action; and further, that Martin caused the clause to be inserted for the purpose of charging her personally, knowing that it was not in accordance with the bargain and sale made

between the parties ; and for these reasons she denied all liability on account of said provision in the deed, and asked as affirmative relief that it be reformed by striking out or canceling that clause. The learned judge held that the facts set up in the answer were unavailing as a defence or as ground for reforming the deed, for two reasons : (1) because if admitted to be true, as stated, they did not show that the clause was inserted through mistake of the parties, or through fraud ; and (2) because Mrs. Burdick had not presented an issue to Martin by cross-bill or otherwise.

Now the deed contained what was equivalent in law to a covenant on the part of Mrs. Burdick to pay the mortgage debt. (*Douglass* v. *Wells*, 18 Hun, 88, and cases there cited.) So long as this covenant remained in force she was bound by it, and she could get relief from it only by showing that the clause was inserted in the deed through mistake, or by the fraud of the grantor. The presumption is in favor of the writing, and this presumption can be overcome only on the clearest and most satisfactory evidence of mistake or fraud. The facts stated in the answer fail to show that the clause objected to was inserted by mistake. In order to reform the deed for this reason, it must be shown that the mistake was a mutual one. It must be made to appear that the clause was inserted contrary to the intent of both parties, and under a mutual misapprehension. (*Nevius* v. *Dunlap*, 33 N. Y., 676; *Welles* v. *Yates*, 44 id., 525; *Jackson* v. *Andrews*, 59 id., 244; *Mead* v. *Insurance Co.*, 64 id., 453; *Moran* v. *McLarty*, 11 Hun, 66; *Ford* v. *Joyce*, 20 Alb. Law Jour., 493–494.) There is nothing in the defendant's answer indicating that the provision was inserted through any misconception on Martin's part ; on the contrary, it is there averred that the latter, at the time the deed was delivered, knew that the deed contained this clause ; and more, that it was inserted by his direction and for the purpose of charging Mrs. Burdick with personal liability. The facts stated in the answer do not therefore make a case of mutual mistake authorizing a reformation of the deed on that ground.

Nor is a case stated authorizing the relief demanded on the ground of fraud. The only substantial ground of alleged fraud is that Martin inserted the liability clause, or caused it to be

inserted, contrary to the agreement, and delivered it without informing Mrs. Burdick, or her agent who acted in her behalf, of the fact. It is not averred that any false representation, or, indeed, any representation whatever, was made to Mrs. Burdick or to her agent when the deed was delivered, nor that any trick or artifice was employed to induce its acceptance, or to hinder or prevent its examination by them. It is averred that the deed was accepted without examination; but its non-examination was such negligence as takes from the party the right to predicate fraud upon the transaction. This conclusion is fully sustained by the principle recognized as sound in *Long* v. *Warren* (68 N. Y., 426), and other cases there cited. It was there laid down that when both parties have equal means of acquiring information, and nothing is said or done by either to throw the other off his guard, or to divert him from making such examination as a prudent man ought to make, and he omitted to make them, or to avail himself of the means and opportunities at hand to do so, he cannot predicate fraud upon the transaction. It has been repeatedly held that where a party signs an instrument without reading it or inquiring of its contents, not being thrown off his guard in any respect, and having full opportunity to examine it, he cannot gainsay its provisions or legal effect by alleging fraud or mistake in that regard. (See *Irving N. Bank* v. *Myers*, 21 Alb. Law Jour., 74; *Moran* v. *McLarty*, 75 N. Y., 25; *Upton* v. *Tribilcock*, 91 U. S. [Otto, 1], 50.) The defendant failed to show a case of fraud entitling her to the relief demanded, admitting the averments of her answer to be true.

If correct in the conclusions above stated, the judgment appealed from must be affirmed, and an examination of the question whether Mrs. Burdick could have the relief claimed by her without a cross-bill, or in some way tendering an issue to Martin upon the subject of the alleged mistake or fraud, becomes unnecessary. Judgment affirmed, with costs.

BOARDMAN, J., concurred.

LEARNED, P. J. (dissenting).

Under the answer the defendant Burdick, if permitted by the court, might have proved :

First. That by the original agreement between her and Martin, she was to purchase whatever estate Martin had, but was not to assume, or to agree to pay the mortgage. Second. That Martin was to procure the deed to be drawn and executed according to the terms of the original agreement; and that she trusted him to do this. Third. That he did procure it to be drawn, but not according to the original agreement. Fourth. That she did not see the deed when delivered; and that her agent, having confidence in Martin, did not examine it. Fifth. That until about the commencement of this action she believed the deed was drawn according to the original agreement. Sixth. That for the purpose of defrauding her, and in violation of the true terms of the agreement, and without her consent, Martin inserted in the deed a clause by which she assumed the payment of the mortgage.

On the question of the reformation of a deed it is not necessary that there should be mutual mistake. Mistake on one side and fraud on the other is enough. (*Bryce* v. *Lorillard Fire*, 55 N. Y., 240 at 243 ; *Jackson* v. *Andrews*, 59 id., 244 at 247.)

Nor does the neglect of a party to read a written instrument deprive him of a remedy against the actual fraud of the other party in fraudulently inserting a clause which formed no part of the true agreement. (*Botsford* v. *McLean*, 45 Barb., 478 ; *Andrews* v. *Gillespie*, 47 N. Y., 487.)   Where there is an oral agreement, and one party is entrusted by the other with the duty of committing it to writing, if he fraudulently inserts a clause which formed no part of the agreement, he cannot prevent relief against his fraud by saying that the other party ought not to have trusted him.

Such cases as those of *Long* v. *Warren* (68 N. Y., 426), and *Slaughter's Adm.* v. *Gerson* (13 Wall., 383), do not apply. They are cases of alleged fraudulent representation as to the subject matter of the contract, as to which the injured party was not to trust the other. In *Moran* v: *McLarty* (18 Sup. Ct. N. Y., 66), there was not in fact a mutual mistake. *Jackson* v. *Croy* (12 Johns., 427), only holds that mere neglect to read a paper is not sufficient proof of the fraud. But it is plain that, in all cases of reformation of instruments, the party asking relief must have neglected to read the paper, or have read negligently.

But it is urged that no issue was tendered to Martin.    And that seems to have been the ground on which the answer was "ruled out."  (*Albany City Savings Bank* v. *Martin,* 56 How. Pr., 500.) The defendant, however, sets up this fraud only as a defence. She does not otherwise need any formal reformation of the deed. If a fraud was practiced upon her, she ought to be allowed to show this.    If the plaintiffs desire that their rights against Martin should not be prejudiced by a decision in her favor, they have only to notify him of the alleged defence, and permit him to contest it.    Then he would be bound, as is suggested in *Andrews* v. *Gillespie* (*ut supra*).

For these reasons I think there should be a new trial.

Judgment affirmed, with costs.