Woodworth, J.
The plaintiff declared on a covenant, 7 that on the payment of the sums of money, and fulfilment of the agreements to be performed by the defendant, he, with Storrs, would convey a title in fee simple to all that certain piece or parcel of land situated in the town of Hounsfield, <fcc., being all that part of lot 44, owned by them, that lay south of the Watertown road; bounded easterly, westerly and southerly, by the lines of the lot; and estimated to contain about 300 acres. The defendant covenanted to pay five dollars for every acre of the premises ; one sixth at the expiration of one year, and the residue in five equal annual instalments. The articles were dated November 25th, 1816.
The pleas were, 1. Non est factum: 2. That the articles were obtained by fraud.
It appeared at the trial, that at the time of making the con *510 tract, the vendors were not owners of all the lot on the sj¿e 0f roaq ■ about 22 acres having been previously conveyed. The plaintiff contended, that, by the terms of the agreement, this parcel was excepted. Upon the supposition that this construction is correct, the question of fraud arises. In support of that issue, the defendant proved that the agent of the vendors, who made the contract, at that time affirmed and represented to the defendant, that the vendors did own all the lot on the south side of the road; and that it was intended the contract should cover the whole. The agent, however, testified that he then believed the representation to be true. It further appeared, that the part actually owned by the vendors, was much less valuable than it would have been, had it bounded on the road. By this proof, no fraud was established ; for no act was done intentionally wrong ; but there was an evident mistake, and erroneous representation.of a material fact; for which, however, relief cannot be had in a court of law. The gravamen falls peculiarly within equity jurisdiction. Admitting that this related to the execution of the instrument, or the defendant’s capacity to execute; and so could be not.iced at all by us ;(a) yet it is a well settled rule, that in a court of law, to avoid an instrument, the fraud must be clearly established. It is only in such cases that a court of equity and a court of law have concurrent jurisdiction. In a court of equity, relief may be had on an instrument unduly obtained, when a court of law could not enter into the question. This doctrine is examined and considered in Jackson v. King, (4 Cowen, 207, and the cases there cited.) The defendant cannot succeed on this issue.
The next question that arises is, whether the covenants are not independent; and if so, whether it is competent for the defendant, in this action, to object that the vendors were not seised of a part of the land they covenanted to convey.
Where the covenants are dependant, the conveyance of the land, and the payment of the money must be simultaneous. In this case, it appears to me they were mutual and *511 independent. The covenant is not, that on payment of the. whole consideration money on a particular day, the vendors shah convey; but on the fulfilment of the agreements as specified. The money was payable by instalments at different periods; which shows the order or precedency in which the acts are to be done. The decision was placed on this ground in West v. Emmons, (5 John. 181.) By the terms of such a contract, it is evident the defendant was willing to part with his money, and rely on the vendors’ covenant to compel the execution of a conveyance. The case of Robb v. Montgomery, (20 John. 15,) is very analogous to the present. The defendant covenanted to pay $2,500 by instalments ; and in consideration of the payments being punctually made, at the times and in the manner specified, the plaintiff bound himself to convey. Spencer, Oh. J. observed that the payments were to be made without reference to the conveyance; and the conveyance was not to be given, until all the payments were made ; that it was impossible for language to render covenants more independent than these. I do not perceive any substantial difference betWben the two cases. The same rule of construction ought to bo applied. The conveyance and payments were not intended to be simultaneous acts, but the former were to precede the latter; and in such cases it is no excuse for non-payment, that there is not a capacity to convey a good title. The case of Parker v. Parmele, (20 John. 130,) is clearly distinguishable. The defendant agreed to pay the whole consideration money on a particular day, and the plaintiff covenanted, when performed, to execute a deed. The court held the covenants to be dependent ; that the acts, Avere to be concurrent; and that the fair intent, and good sense of the contract was, that the money was not to be paid, until the deed Avas ready to be delivered.
My conclusion is, that the defendant is liable in this action ; although it be conceded that the plaintiff cannot give a good title to all that part of the lot on the south side of the Watertown road.
If, hoAvever, I am mistaken on this point, then the question arises as to the quantity of land covenanted to be con *512 veyed. This question is not free from difficulty. Paro* eyjqence cannot be received to prove the intent; so as to vary the legal construction arising from the words used in the covenant. If there has been manifest mistake, it belongs to a court of equity to afford relief. Omitting the words, “ owned by them,” the boundaries are definite and certain. They clearly include all the land on the south side of the road. The description is, “ bounded easterly, southerly and westerly, by the lines of said lot, as surveyed and established by Robert M’Dowell.” If a part of the lot only is bounded on the westerly line, it will not satisfy the description. If all the lot on the south side is to be conveyed, the western boundary, in the whole extent, must be on the west line. In order to support the construction contended for by the plaintiff, it must appear that the words, 11 owned by them,” are words of limitation and restriction ; otherwise they cannot control the residue of the description, which is perfectly intelligible. The question is, are they to be considered as words of additional description ? If they are, they will not vitiate any thing sufficiently described before. In Goodtitle v. Paul, (2 Burr. 1089,) the words of the devise were, “ my farm at Bovington, in the tenure of John Smith.” These latter words were intended to render the description more perfect. If John Smith had" been in possession, effect would be given to the additional description; but as the farm was not in possession of Smith, the description was rejected as repugnant. So, in this case, it seems to me that the words, “ owned by them,” are merely a further description of the thing to be conveyed. I consider the agreement as saying, the vendors will convey a parcel of land accurately bounded; and that their title is co-extensive with, and includes the premises covenanted to be conveyed. If this be correct, then the words are additional description only; and do not limit the defendant’s right, to claim the portion only to which the vendors had title. In Goodtitle v. Paul, the description afforded the same ground of argument as here; but the words were considered as additional description merely. The same principle is recognized in Cro Eliz. 113, and 11 East, 5T
*513 In order to construe these words as restricting the quantity, it would be necessary to supply words which are not in the covenant. Instead of, “ all that parcel of land,” we must substitute the words, “ so much of the lot as the plaintiff’s title covers.” I think this would be a departure from the intention of the parties, as derived from the agreement itself. The estimated quantity of land was conjectural.
Neither party knew the number of acres. It was provided that a further survey be made. Whether the contents were more or less than 300 acres, cannot affect the question.
The siuwey to ascertain the number of acres, was not necessary to give the plaintiff a right of action. It was only essential to ascertain with accuracy the amount of damages.
The result of my opinion is, that the motion for a new trial be denied; on the ground that the covenants were independent. The defendant failed altogether on the issue of fraud.
New trial denied.

 Vid. the next preceding case.