FITCH *et al. v.* CASEY.

A tax deed is not good which conveys more land than was assessed or advertised for the taxes.

If A covenants to make B a good and sufficient deed, B is not obliged to take the deed, unless A has a good and indefeasible estate in the land covenanted to be conveyed.

Dependent and independent covenants explained.

Plaintiff agreed to do work for defendant and take land in payment. Defendant contracted to make a good title to the land, on the performance of the work, but the title was not in him; held that plaintiff was at liberty to rescind the contract and was not obliged to do the work, and that if he did the work, he was entitled to payment as on a cash contract to do work.

*Error to Muscatine District Court.*

*Opinion by* KINNEY, J.  Peter Casey filed a petition for a mechanic's lien, stating that on the 13th day of August 1847, George W. Fitch being then alive and owner of the middle twenty feet of lot six in block twelve in the town of Bloomington, Iowa, entered into a contract with the petitioner and employed him to furnish labor for erecting a storehouse on said lot, which petitioner proceeded to do, and that before the completion of said contract, said Fitch deceased. That Harriet Fitch, the widow and administratrix of said George W. Fitch, contracted with and employed the petitioner to perform other and further work on said building towards the completion of the same. That such labor was furnished to the amount of one hun-

dred and sixty two dollars, and thirty seven cents, as per bill of particulars filed and made part of the petition; payment of which became due when the same was performed, but has not been made. Petitioner further represents, that for that part of the labor contracted for by said Geo. W. Fitch, payment was to be taken in the east half of lot number eight, in block one hundred and three, at fifty dollars; or if said Casey should prefer to purchase twenty four feet on the westerly side of lot four, in block seventy four, at one hundred and fifty dollars, he was to have and receive the same.

Petitioner represents that he has preferred to purchase the said twenty-four feet in said lot four, and has signified said preference to the said Harriet Fitch, but charges that said George W. Fitch had not, nor have his representatives any good title in law to the said twenty four feet by which they or any of them can convey the same to petitioner.

The petitioner prays for the benefit of an "act relative to mechanic's liens and for other purposes," and for a lien upon the premises aforesaid. To this petition the defendant filed a plea, stating in substance that the contract was entered into in the life time of said George W. Fitch, whereby it was discretionary with the said Casey to receive in payment of said work, either the east half of said lot number eight, in block number one hundred and three, at fifty dollars, or to purchase twenty four feet on the westerly side of lot four, in block seventy four, at one hundred and fifty dollars. And the said defendants aver that after the work to be performed by said plaintiff under his contract with said Fitch was completed, the said plaintiff did choose, and prefer to purchase twenty four feet on the westerly side of lot four at one hundred and fifty dollars, which said parcel of lot, the said George W. Fitch died, seized, and to which he has a good and sufficient title. The defendants further aver, that it was in consideration that the said plaintiff would purchase said twenty four feet, at the sum of $150,00, that she as administratrix,

employed him to do the other and further work upon said building; and that after said work was performed, she accounted with the plaintiff and paid him $18,62 which was to be in full of all demands, when she should make to him a good and sufficient warrantee deed of conveyance to said part of lot four. The defendants further say, that they are ready and willing at all times to convey to plaintiff said part of lot, and to perform specifically said contract, and that they are ready upon the authority of the court in chancery sitting, to convey said part of lot in like manner, as the said George W. Fitch could or ought to have done were he living. To this plea, the plaintiff replied, that neither the said defendants, nor the said Geo. W. Fitch in his life time had a good title to said part of lot four in the plea mentioned, and this he prays may be inquired of by the county.

The cause was submitted to the court upon this issue of title, and testimony having been offered, it was adjudged by the court, that the defendants had not sustained their plea, and the court finding for the plaintiff, rendered judgment in his favor for one hundred and fifty dollars with a lien for the payment on the middle twenty feet of lot six, with leave to sue out a special execution.

It appears from the bill of exceptions, that on the trial of this cause, the court ruled that it was material to determine whether George W. Fitch in his life time, was seized of and had title to the westerly two fifths of lot four, in block seventy four, in the town of Bloomington, and the said defendants produced a deed made in due form by the collector of taxes of Muscatine county, Iowa, to the said George W. Fitch deceased, for the next two fifths of said lot, the said deed having been made in pursuance of a judgment of said court at the spring term thereof 1847, against the said two fifths of said lot for non-payment of the tax due thereon for the year 1844. It appeared that, but the west one fifth of said lot had been assessed for the year 1844, that on the delinquent list the collector returned the west two fifths as delinquent. That the west one third of

said lot was advertized as required by law, and the question was whether these variances between the assessment, advertisement and judgment would vitiate the title, of the said George W. Fitch, to the west one fifth of said lot, which was all that was claimed, by said Fitch under said deed. To prove title to the one fifth of said lot next to the west one fifth, the defendants offered a deed of general warrantee dated Feb. 1, 1841, from Charles A. Worfield to George W. Fitch, acknowledged and recorded, conveying a part of said lot by the following description, to wit: "One fifth part of lot four, in block seventy four, being twelve feet of said lot, the said lot being divided into five equal strips, and the numbering beginning on the east, the piece hereby intended to be conveyed is the fourth from the east side of said lot."

And the court decided that the said variances raised such a doubt of title in the said Fitch, that his contract with the said plaintiff as set forth in the defendants' plea, could not be discharged by a good and sufficient deed of general warrantee to twenty four feet on the westerly side of lot four in block twenty four; the size of said lot being admitted to be sixty feet front by one hundred and forty feet deep. To which ruling and opinion of the court the defendants excepted.

It will be recollected that according to the pleadings the plaintiff and defendants agree in relation to this main feature in the contract, that it was optional with Casey to receive in payment for his work either the east half of lot eight, or to purchase twenty four feet on the westerly side of lot four. Casey states in his petition that he elected to take the latter, but charges that the defendants cannot make a conveyance to said part of lot four. The defendants admit that Casey elected to take part of lot four instead of the west half of lot eight, but aver a settlement and payment of $18,62, which was in full of all demands when defendants should make the plaintiff a good and sufficient warrantee deed of conveyance to said part of lot four.

The defendants therefore in their plea admit the contract, admit the right of plaintiff to choose which piece of ground he would take in payment, admit the selection of part of lot four, and admit that they were to make to plaintiff a good and sufficient warrantee deed of conveyance to said part of lot, and aver that they have a good title to said lot, and that they are willing to make the conveyance.

The case being thus narrowed down by the state of the pleadings, it is unnecessary to discuss those questions raised in the argument, as to the rights and duties of parties when contracts are in the alternative.

The pleadings and evidence raise but two questions. First. Does the testimony show that the deceased in his lifetime was seized of a good title to said part of lot four, and could the defendants as his representatives be empowered to convey the fee in said lot to the plaintiff?

Second. Would it have been a sufficient discharge of the contract for the defendants with a defective title to have made a deed good in form; and would the plaintiff have been obliged to accept such deed when by the admission of the defendants they were to make a good and sufficient warrantee deed of conveyance?

First, as to the nature of the defendant's title and their power to make a deed. The entire lot is sixty feet front, and one hundred and forty feet deep. The plaintiff was to have twenty four feet on the westerly side. The defendants had a tax collector's deed for the west two fifths of said lot but it appeared that but the west one fifth was assessed although the collector had returned the west two fifths as delinquent. The west one third was advertised as required by law, and the west two fifths sold. Under this sale and by virtue of the collector's deed the defendants claim a valid and subsisting title to the west one fifth of said lot, the title to the other one fifth next thereto being indisputable. These variances we think sufficient to vitiate the entire sale and defeat the collector's deed. In the assessment of property for taxes and from thence,

through each progressive step up to the sale and deed, the officers should be held to a strict and technical compliance with the requirements of the statute.

The doctrine of presumptions cannot apply in relief of their mistakes, or to avoid the effect of their omissions. All of the proceedings must be in conformity with the statute, and they may be introduced in evidence, to show a want of such conformity, and to defeat a collector's deed which is but *prima facie* evidence that the statute has been complied with. The deed as evidence of title is subject to all the legal objections which may exist, to every material step in the proceedings antecedent to its execution and delivery. If no such objections exist, it conveys a good title; if they do exist, no title passes. In this case, these objections are of a serious character, and the evidence shows a manifest violation of some of the most important provisions of the statute. Two fifths of the lot were sold and a deed made, when but one fifth was assessed for taxes. The officer sold one fifth, on which no tax was levied, and therefore on it no tax incumbrance existed. The west one third only was advertised, and yet the west two fifths were sold. A portion of the lot was sold without the previous notice required by the statute having been given. These discrepancies and omissions, are fatal to the validity of the sale, and hence no title passed to the purchaser. The representative cousequently could not make a good and sufficient deed of conveyance to one fifth of the lot in controversy, and as the defendants had no title, it would be impossible in a suit for specific performance to compel a conveyance.

We come now to the second proposition. Although the defendants had not a good title to all of the part of said lot, would a deed good in form purporting to convey a fee simple, satisfy the contract leaving the plaintiff to resort to the covenants in the event of a failure of title?

If A covenants to make B a good and sufficient deed to a piece of land, B is not obliged to take such deed, unless A has a good and indefeasible estate in the land cov-

enanted to be conveyed. The contract cannot be discharged by a tender of a deed in the usual form, purporting to alien the fee, unless the title is perfect in A, and the land free from all incumbrances. *Clark* v. *Redman*, 1 Blackf. 379; *Judson* v. *Wass*, 11 John 525; *Tucker* v. *Woods*, 12 *ib.* 190; *Rubb* v. *Montgomery*, 20 *ib.* 15; *Lawrence* v. *Parker*, 1 Mass. 190.

In the case of *Judson* v. *Wass*, it was held that as giving the deed, bond and mortgage were to be simultaneous acts, that as the plaintiff was not in a situation to convey a title, the defendant was not bound to perform the agreement on his part; that the meaning of the agreement was not merely that the plaintiff should give a deed with warrantee, but that he was able to convey an indefeasible title, and that if the vendee had according to the terms of the sale, paid part of the consideration money, and the vendor was unable to convey a good title, the vendee might disaffirm the contract, and recover back the money which he had paid. And in the case of *Jackson* v. *Hasbrouck*, it was held that as the proof showed, that the property to be conveyed by the plaintiff to the defendant, was under lease which would not expire until long after the bargain between the parties was to have been consummated, that it came clearly within the principles decided in the case of *Judson* v. *Wass*. But these and similar decisions, it will be found on examination, were made in those cases, where the acts to be performed by the parties were simultaneous; or in other words where the promises were dependent.

Therefore, when the covenants are dependent, the conveyance of the land, and the payment of the money must be simultaneous, and there must be an existing capacity to convey at the time in the person who is to execute the conveyance; but where the covenants are *independent*, and the payment of the money is to precede the conveyance, it is no excuse for the non payment of it, that the other party has not a pre-existing capacity to convey a good title, unless the party whose duty it is to pay the

money offers to do so on receiving a good title, and then the other party must give him a good title, or the contract will be rescinded. *Robb* v. *Montgomery*, above referred to; *Champion* v. *White*, 5 Cow. 509; *Green* v. *Green*, 9 Cow. 46; see also on the subject *Caswell* v. *Manufacturing Co.*, 14 John 453.

In the case under consideration if the contract had been, that the defendant was to have made a good and sufficient title to the plaintiff to the part of said lot, upon the payment by said plaintiff of one hundred and fifty dollars, the payment and conveyance would have been simultaneous acts, or mutual and dependent, and the plaintiff would not have been compelled to pay the money unless the defendants could have made at the time of payment, a good and indefeasible title, and in the event of payment unless such title could have been made, the plaintiff could have rescinded the contract, and recovered back the money so paid. So, if payment was to have been made in work for a piece of land for which the defendants had no title, (which fact being unknown to the plaintiff) and the defendants had contracted to make a good title on the performance of the work, the plaintiff would be at liberty to rescind the contract, and not obliged to do the work; and in the event of having performed the work, he would be as much entitled to recover the value thereof, as he would have been to recover back the amount paid on a money contract. If the plaintiff had become satisfied before doing the work, that Fitch had not a good title to said part of said lot he could have disaffirmed the contract, and in a suit against him upon the contract, it would have been a good defense to have shown a want of capacity in Fitch to convey. The plaintiff has not surrendered any of his rights, by performing on his part the contract.

As the plaintiff was under no legal obligation to perform the work, neither is he required to receive in satisfaction thereof a defective title. That which in the first place was not a sufficient consideration to hold Casey, to

an observance of the contract, certainly should not be regarded as a sufficient payment after the contract is performed.   If there was any evidence that Casey was to receive *only* such a title as Fitch possessed, an entirely different case would be presented.   But the defendants admit plaintiff's right to a good and sufficient warrantee deed.   Such a deed is not only one good in form, with the usual covenants, but one which conveys a clear indefeasible title, and any thing less than this is not a good and sufficient warrantee deed; and when parties contract for such a deed, it must not only contain all the necessary covenants, but the grantor must possess full capacity to make it.   We have shown that the title in the defendant to a portion of the lot was not good, and hence such a deed as the plaintiff was entitled to could not be made by the defendants.   The contract was mutual and dependent, Casey to do the work and defendants to make the deed, and therefore in such case according to the decisions Casey is not bound to accept of a defective title, but may sue and recover for his work and labor, which he did in the court below.

Judgment affirmed.

*J. Scott Richman,* for plaintiffs in error.

*Wm. G. Woodward,* for defendant.