DUNMORE, J.
Defendant disputes his liability upon the contract in question, upon three grounds: First. He claims he was induced to enter into the contract by fraudulent representations. Second. He claims that the words written upon the margin of the contract, “It is understood that this guaranty is to heat the rooms herein mentioned, with the doors closed to rooms which do not contain radiators,” were fraudulently concealed from him. Third. He claims plaintiff has failed to perform his contract by not furnishing heat.
As to the first alleged defense, the answer alleges that plaintiff “represented to the defendant that the said heating apparatus was perfect in every respect; that it would heat his house and premises, and do the work better than a furnace; that it would pay for itself in five years, or less time, in the saving fuel; that it was cheaper in the end than a furnace; that there was no gas or dust about it; that it would heat the defendant’s house, and in any decent winter weather defendant could leave his doors, *541 throughout his house, open, and it would heat his house better than a furnace would do; and other like statements and representations in praise of said heating apparatus.” Most of those representations were promissory in their character, and, as they applied to a thing not then in being, but which this contract provided should be constructed, and specified how it should be constructed, they must be regarded, not as representations, but rather as parol promises, and therefore merged in the written agreement. A misrepresentation, to become the basis of fraud, must be of an existing fact, and not a promise. Fisher v. New York Common Pleas, 18 Wend. 608; 8 Am. & Eng. Enc. Law, 637, and cases cited. Applying the evidence to these allegations, and we find it clearly insufficient to present a question for the jury upon this branch of the case.
As to the second alleged defense, defendant testified that a .copy of the contract was brought to him at the roundhouse in Utica, and that he read it, but did not sign it then, and that it did not contain the marginal writing. Subsequently he went to plaintiff’s place of business, and was introduced to Mr.. Daniels. 'That the contract, which he signed, was then produced in duplicate. One copy was laid on the desk- before him, while Mr. Daniels read from the other. Defendant claims that the marginal writing was not read to him. He testified that he read the contract over carelessly, but did not see the marginal writing. He admits that he had full opportunity to' read and examine it, and does not claim that any fraud or artifice was resorted to to prevent his reading or examining it. He thereupon signed it, and took a duplicate copy home with him, and retained it in his possession. The question presented here is, can the defendant, under those circumstances, be permitted to come into court, and say that he did not understand the terms of the contract, and therefore is not bound by it? In Upton v. Tribilcock, 91 U. S. 50, Mr. Justice Hunt, in writing the opinion of the court says:
“That the defendant did not read the charter and by-laws, if such were the fact, was his own fault. It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper upon which they were written. But such is not the law. A contractor must stand by the words of his contract; and if he will not read what he signs, he alone is responsible for his omission.”—citing Jackson v. Croy, 12 Johns. 427; Lies v. Stub, 6 Watts, 48; Farley v. Bryant, 32 Me. 474; Coffing v. Taylor, 16 Ill. 457; Stapylton v. Scott, 13 Ves. 427; Alvanley v. Kinnaird, 2 Macn. & G. 7; 29 Beav. 490.
See, also, Grace v. Adams, 100 Mass. 505.
Defendant relies upon Albany City Savings Institution v. Burdick, 87 N. Y. 40. In that case one of the defendants in a mortgage foreclosure action sought to reform a deed conveying the *542 mortgaged premises to Mm by striMng therefrom a clause by which he assumed to pay the mortgage, claiming that the grantor fraudulently inserted it in the deed. That case is readily distinguishable from this. A deed of a piece of property is a definite instrument of itself. The mere mention of it implies what it would ordinarily contain, but that is not so as to a special agreement between parties like the one in suit. To hold that the facts presented here would enable the defendant to escape from the liability of his contract would establish a rule that would destroy the value of written agreements, and put a premium on perjury. It would be strange, indeed, if, after parties had entered into a written contract by which one was to furnish labor and materials- and the other was to pay for the same, that after one had performed Ms contract the other would be permitted to say: “It is true, I signed that contract, and I had full opportunity to inspect it, hut I read it carelessly, and did not observe one clause that is in it; and therefore I do not consider myself hound by it.” I do not "believe the courts in this state will adopt such a rule. I am therefore of the opinion that defendant has not shown any facts-that entitle him to he relieved from liability upon the contract-as executed, including the marginal writing.
As to the third alleged defense,—of nonperformance. The-contract does not guaranty any degree of temporary heat. At the time the tests were applied the inside doors were not hung, the stairways w-ere open, the walls were freshly plastered, and the evaporation from the drying walls' tended to reduce the temperature. The guaranty, I think, should he construed to apply to a finished house and a completed apparatus. There, therefore, was no such test as the contract contemplates as to whether plaintiff" had performed, and by the terms of the contract could be no such test until after the $100 sought to he recovered here became payable. My conclusion, therefore, is that the evidence failed to establish any defense to the action, and the verdict must he set aside,, and newtrial granted; costs to abide event. If either party desires,, the order may recite that the verdict is not set aside and new trial granted in the exercise of any discretion, hut upon the ground, that the evidence does not establish any defense as matter of law.
Verdict set aside, and new trial granted.