(23 Misc. Rep. 233.)

HOUGH CASH–RECORDER CO. v. MOWRY.

(Oneida County Court. March, 1898.)

SALE—ACTION FOR PRICE—DEFENSES.

A vendee signed a contract for the purchase of a cash recorder, on the representation of the vendor's agent that it contained a stipulation that, if it did not work to the vendee's satisfaction, he might return it, and not pay for it. Held, that the vendee was entitled to rely on such representation without examining the contract, and, after returning the recorder as not satisfactory, might prove the agreement by parol, as a complete defense to an action on the contract not containing it.

Appeal from justice court.

Action by the Hough Cash-Recorder Company against John S. Mowry. From a verdict and judgment for defendant, plaintiff appeals. Affirmed.

Timothy Curtin, for appellant.
H. C. Wiggins, for respondent.

DUNMORE, J.  At and prior to the time the contract in writing was signed by the defendant, he and plaintiff's agent Page had a conversation about the terms of the contract.  The defendant testified that it was agreed that a cash recorder should be sent him on trial, and, if it did not work to his satisfaction, he could return it, and need not pay for it.  The defendant further testified that thereupon Page made out what he called an "order," and said it was as they had agreed, and thereupon the defendant signed it.  Upon trying the machine, the defendant testified that it did not work to his satisfaction, and he returned it.  The foregoing testimony, if credited by the jury, entitled the defendant to a verdict.  It presented a question of fact, and the finding of the jury is conclusive upon this court.  Defendant had a right to rely upon the statement of Page that the paper signed contained the agreement as made.  Mead v. Bunn, 32 N. Y. 275, 279; Smith v. Countryman, 30 N. Y. 655.

In Mead v. Bunn, at page 280, the court of appeals announced the rule as follows:

"Every contracting party has an absolute right to rely on the express statement of an existing fact, the truth of which is known to the opposite party, and unknown to him, as the basis of a mutual engagement; and he is under no obligation to investigate and verify statements to the truth of which the other party to the contract, with full means of knowledge, has deliberately pledged his faith."

The defendant having signed the contract on the representation that it contained the terms of the oral agreement, the written contract would not be binding upon him, and, in an action upon it, he is not precluded from showing by parol what the actual terms of the contract were.

The appellant's counsel relies upon the case of Wheeler v. Mowers, 16 Misc. Rep. 143, 38 N. Y. Supp. 950, to sustain the doctrine that, where a party has full opportunity to read a contract before he executes it, he is not relieved from liability thereon because he omitted to read it, or read it carelessly, and failed to notice some of its provisions.  In that case the contract was executed in duplicate, and each party took and retained a copy.  The plaintiff put a hot water-heating apparatus into the defendant's house, and expended several hundred dollars in so doing.  The defendant testified that he put his copy of the contract in his desk, and omitted to read some of its provisions until he was called upon to pay, when he discovered that the agreement as orally made had not been embodied in the written contract.  This court held, and I think correctly, that, under those circumstances, the defendant was liable, that a defendant who, having a copy of the contract in his possession, permitted the other party to perform at a considerable expense, would not be permitted to escape liability because he had omitted to read and learn the terms of his contract.  The case at bar is not a parallel case.  I think the answer was broad enough to justify the reception of the evidence.  The judgment must therefore be affirmed, with costs.

Judgment affirmed, with costs.