(140 App. Div. 201.)

### EAST NEW YORK REFRIGERATOR & WOODWORKING CO. v. HALPERN et al.

(Supreme Court, Appellate Division, Second Department.    October 20, 1910.)

MORTGAGES (§ 154*)—LIEN—PRIORITY—CONDITIONAL SALE—VALIDITY—BUILDING MORTGAGE.

Where, at the making of a contract for mantels for use in a building, the property was subject to a building loan mortgage, on which advances were made by the mortgagee after the mantels were set up in the building, without any knowledge that the mantels were furnished under a conditional sale contract, and prior to the filing of such conditional sale contract, the sale was absolute so far as the mortgagee was concerned, as expressly provided by Lien Law (Laws 1897, c. 418) § 112, as amended by Laws 1904, c. 698, § 1; and hence the alleged conditional seller could not enforce a lien on the mantels as against a purchaser of the premises under a decree foreclosing the mortgage, though the conditional sale contract was on file at the time of the foreclosure sale.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 154.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the East New York Refrigerator & Woodworking Company against Albert Halpern and another. From a Municipal Court

judgment in favor of plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

L. B. Boudin, for appellants.
S. C. Sugarman, for respondent.

CARR, J. This action was brought to foreclose a lien upon alleged personal property in the possession of the defendant the Camden Construction Company, and judgment was rendered for the plaintiff. The plaintiff is the assignee of a cause of action held by a firm known as Silberstein & Silver. This firm sold to one Halpern 110 oak mantels, to be affixed to certain buildings then under construction in the borough of Brooklyn. The nature of the articles was such that they were to become a part of the structure. The vendors claimed, however, that by the contract of sale title was to remain in the vendor until the articles were fully paid for. The mantels were delivered and affixed to the structures, and the property is now in the possession of the defendant the Camden Construction Company. The plaintiff claims a balance due of the sum of $480 on the contract of sale, and seeks to enforce a lien accordingly. The defendants deny that the sale was conditional, and, at the trial, this question was bitterly contested, involving charges of perjury and of forgery in the alleged fraudulent alteration of the contract of sale.

Because of a question of law, determining this appeal, it is unnecessary to inquire into how far the learned trial court was justified in accepting the plaintiff's proofs as to the nature of the sale. The contract of sale was made on October 15, 1907, and the mantels provided for were all delivered and set up in the premises prior to February 14, 1908. At the time the contract was made the real property was subject to a building loan mortgage, on which various advances were made to the owner by the mortgagee between October 15, 1907, and February 14, 1908, aggregating over $20,000. All these advances were made without any knowledge by the mortgagee of the existence of any contract of conditional sale between Halpern, the owner, and the plaintiff's assignors. Many of the advances were so made after the mantels were delivered and set up in the buildings, and prior to the filing of the contract of conditional sale in the office of the register of Kings county, in which county the buildings were situate. Under these circumstances, the sale was not conditional, but absolute, so far as the mortgagee was concerned. This was expressly so provided by section 112 of the lien law (Laws 1897, c. 418), as amended by chapter 698 of the Laws of 1904, and as in force at the time of the transaction.

The defendant the Camden Construction Company acquired title to the lands and buildings under a judgment of foreclosure and sale of the premises under the provisions of the building loan mortgage. It is immaterial that at the time of the sale under the foreclosure judgment the alleged contract of conditional sale was then on file, for the purchaser at the sale took such title as was in the mortgagor and mortgagee at the time of the execution of the instrument, or, at least, cer-

tainly at the time the advances under the mortgage were made. Rector, etc., v. Mack, 93 N. Y. 488, 45 Am. Rep. 260; Batterman v. Albright, 122 N. Y. 484, 25 N. E. 856, 11 L. R. A. 800, 19 Am. St. Rep. 510; McFadden v. Allen, 134 N. Y. 489, 32 N. E. 21, 19 L. R. A. 446. It follows, therefore, that the plaintiff has no lien on the mantels in question which it can assert against the defendant the Camden Construction Company, the purchaser at the foreclosure sale.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.