ALEXANDER HERZOG, Respondent, v. SIMON MARX et al.,
Appellants.

Fixtures — when they may be real estate as between grantor and grantee and be personal property as between the grantor and third persons — when grantee may, under covenant of seizin in deed to real property, recover value of fixtures claimed by others under conditional contract of sale.

1. Plumber's fixtures attached to a building in such a manner that they can be detached and removed therefrom without serious or substantial injury, either to the building or to the freehold, and without destroying the articles themselves, may be real estate as between grantor and grantee and yet be personal property as between the grantor and third persons.

2. Where the owner of a building had plumber's fixtures placed therein and annexed thereto, under a contract by which the title of the fixtures was retained by the conditional vendors until paid for, they to regain possession in default of payment, which contract was duly filed pursuant to the Lien Law; and, before the fixtures were paid for, such owner conveyed the premises to another, his grantee acquired no title to the fixtures, and when such grantee subsequently conveyed the premises to a third person by a full covenant deed, with the usual covenant of seizin, the latter, who was compelled to pay for the fixtures in order to prevent the materialmen from taking them from the building, may, under the covenant of seizin in the deed, recover from the devisees of his grantor the amount paid to retain such fixtures.

3. The fact that the plaintiff had constructive notice of the conditional sale of the fixtures, through the filing of the contract,

1

constitutes no defense. Such notice preserved the rights of the materialmen, but had no effect upon the rights of the grantor and grantee, as between themselves. It left the deed and the covenants therein in full force.

*Herzog.* v. *Marx,* 136 App. Div. 939, affirmed.

(Submitted March 31, 1911; decided April 25, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 19, 1910, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Ezekiel Fixman, Walter N. Seligsberg* and *Clarence M. Lewis* for appellants. There was no breach of the covenant of seizin. The articles in question were personal property and Salomon Marx never agreed to sell, nor did he transfer them to the plaintiff. Being personal property, there was and could be no breach of the covenant of seizin. (*McKeage* v. *H. F. Ins. Co.,* 81 N. Y. 38; *Manning* v. *Ogden,* 70 Hun, 399; *Kerby* v. *Clapp,* 15 App. Div. 37; *Cosgrove* v. *Troescher,* 62 App. Div. 123; *Baldinger* v. *Levine,* 83 App. Div. 130; *Condit* v. *Goodwin,* 44 Misc. Rep. 312.) The articles remained personal property at all times despite the transfer of title to the realty by the referee to Salomon Marx and by Salomon. Marx to the plaintiff. (*F. Boiler Co.* v. *M. Realty Co.;* 198 N. Y. 517; *Tifft* v. *Horton,* 53 N. Y. 377; *Davis* v. *Bliss,* 187 N. Y. 77; *McKeage* v. *H. F. Ins. Co.,* 81 N. Y. 38.) There is no evidence in the case to support the finding that the articles in question were realty, or that they should be deemed realty for any purpose. (*Sullivan* v. *T. Ins. Co.,* 169 N. Y. 213; *City Club* v. *McGeer,* 198 N. Y. 160.)

*Alfred Frankenthaler* and *Charles Kaufmann* for respondent. The articles in question were such that, in

the absence of title in a third person, they would have been realty and have passed with the deed; they fell within the language of the grantor's undertaking.    As between grantor and grantee of the realty, the articles were real estate.    As between grantee of the realty and the vendors of the fixtures, the articles are and were personalty.    (*F. B. Co.* v. *M. Realty Corp.*, 198 N. Y. 517; *Tifft* v. *Horton*, 53 N. Y.377; *Ford* v. *Cobb*, 20 N. Y. 344; *Mott* v. *Palmer*, 1 N. Y. 564; *McMillan* v. *Leaman*, 101 App. Div. 436; *Davis* v. *Bliss*, 187 N. Y. 77; *Kirk* v. *Crystal*, 118 App. Div. 32; *M. & T. Bank* v. *B. H. R. Corp.*, 137 App. Div. 45; *Germyn* v. *Hunter*, 93 App. Div. 175; *McFadden* v. *Allen*, 134 N. Y. 489.)

VANN, J.    This action was brought to recover damages for a breach of the covenant of seizin contained in a deed dated March 14, 1902, from Salomon Marx, the devisor of the defendants, to the plaintiff.    The premises were described in the deed as "all those four certain lots of land with the improvements thereon erected and situate in the borough of Manhattan, city of New York, bounded and described as follows, to wit;" then followed a description by metes and bounds.    The deed contained a covenant on the part of the grantor to the effect that "the said Salomon Marx at the time of the execution and delivery of the conveyance, was lawfully seized of a good, absolute and indefeasible estate of inheritance, in fee simple of and in all and singular the premises thereby conveyed with the tenements, hereditaments and appurtenances thereto belonging, and had good right, full power and lawful authority to grant and convey the same by said conveyance."

The trial court found that at the time of the delivery of the deed certain plumber's fixtures "were contained in and upon the premises and were annexed thereto; * * * that the character of the aforesaid articles and their manner of annexation were such that as between the plaintiff and his grantor, Salomon Marx, said articles

should be deemed realty, and that in the absence of title to said articles in third persons, title to said articles would have passed from Salomon Marx to the plaintiff by virtue of the deed hereinbefore mentioned. I further find that the nature of the articles and the manner of annexation were such that the articles could have been detached from the building and removed therefrom without causing any serious or substantial injury to either the building or the freehold, and without destroying the articles themselves.''

It was further found that the buildings on the premises to which the fixtures were annexed had been erected by one Naughton, through whom title to the land was derived and who owned the same when the buildings were erected and the articles annexed thereto. Said articles were annexed to the buildings pursuant to certain contracts in writing made by Naughton and the persons from whom the chattels were obtained and by the terms of the contracts the owners of the chattels in delivering them to Naughton retained to themselves the title thereto. It was expressly agreed that the title to the articles should not pass to Naughton until they were paid for and that the conditional vendors should have the right to ''regain possession   *   *   *   in the event of a default in the payment of the purchase price.'' The contracts were filed with the register of the county of New York prior to the conveyance in question and pursuant to section 112 of the Lien Law as it stood at that time. (L. 1897, ch. 418.)

The court also found that at the time of the execution and delivery of the deed the grantor was not the true and rightful owner of all the premises conveyed by the description and that he did not have the right to convey said fixtures which belonged to the persons and corporations who had furnished the same under the circumstances aforesaid. The amount unpaid on the fixtures was the sum of $1,245.15, which the plaintiff was compelled by

legal proceedings, actually instituted in some cases and threatened in others, to pay to the real owners of the chattels in order to prevent them from detaching the same from the building and carrying them away. The chattels were worth the sum paid.

As the affirmance was unanimous and the rulings relating to evidence unimportant, the conclusion of law that the plaintiff was entitled to recover presents the only question before us on this appeal. No demand for a trial by jury was made and the right to sue in equity, although challenged by the answer, was not raised at the trial. It was admitted that as between the grantor and grantee the articles were part of the real estate. No question was raised during the trial as to the measure of damages. While objection was made to the proof of the sums paid, it was simply because no foundation had been laid " as we have a contract which says nothing about any personal property being sold." The case was tried on the theory throughout the trial that if there was to be any recovery, the sums paid by the grantee under compulsion properly measured the damages.

The defendants, who are the devisees and legatees of Salomon Marx, contend that said chattels were either real estate or personal property; that if they were real estate they passed by the conveyance and if they were personal property they were not covered by the covenant. The same argument was made in substance in a case decided more than sixty years ago in this court. (*Mott* v. *Palmer*, 1 N. Y. 564.) In that case the covenant was substantially in the same form as in this, and a rail fence standing on the farm conveyed did not belong to the grantor but belonged to his tenant, yet the court held that the fence was real estate as between the grantor and grantee and personal property as between the grantor and his tenant. As the tenant removed the fence, the grantee was allowed to recover the value thereof from the grantor. Among other things, the court said: " A

grantor who executes a conveyance of land undertakes to convey everything described in his deed; and by a covenant of seizin he assumes to be the owner of all he undertakes to convey. * * * The word 'land' when used in a deed, includes not only the naked earth, but everything within it; and the buildings, trees, fixtures and fences upon it. * * * Fixtures belonging to the owner of the land, being part of the land, cannot be reserved by parol when the land is conveyed; the deed conveys them to the grantee unless the reservation be in writing. If the fence had belonged to Mott (the grantor) it would have passed by his deed; not by force of the word 'appurtenances' contained in the deed, but without that word, and as part of the land. * * * It is true the fence in one sense was not a part of the thing granted. It did not pass by the deed. In the same sense, if some stranger had been the owner of one-half the farm, that half would not have been part of the thing granted, because it would not have passed by the deed. But the fence was *within the description* of the thing granted as clearly as the land itself; and being within the description, it was a part of that which the deed purported to convey, and of which the grantor covenanted that he was the owner." (p. 569.)

This was said by Judge RUGGLES in his opinion. Judge BRONSON wrote as follows: "It is said that the fence was not included in the grant, because the defendant did not own it. That argument proves too much. It proves that nothing was granted, if the defendant owned nothing which he professed to convey. And it turns the covenant of seizin into nonsense; for it will have no operation, except where it is of no use, to wit, where the grantor owned the thing granted. * * * If the plaintiff had been told at the time that Brown (the tenant) owned the rails, and more, if the rails had been expressly excepted by parol from the operation of the grant and covenant, it would have been no answer to the action. (*Townsend*

v. *Weld,* 8 Mass. 146; *Noble* v. *Bosworth,* 19 Pick. 314; *Suydam* v. *Jones,* 10 Wend. 180; *Champion* v. *White,* 5 Cow. 509; *Jackson* v. *Russell,* 12 John. 427.)" (p. 573.)

Judge GARDINER dissented substantially for the reason that "The annexation which will convert personal into real estate, is not affected by placing the chattel upon or even by affixing it to the land: it must be fixed to the freehold *perpetui usus causa.*" (p. 578.)

According to the facts found and the case cited, which has been many times approved, as well as other authorities which might be cited, the plaintiff was entitled to recover. It is common learning that the same chattel may be real estate as between grantor and grantee and personal property as between the grantor and third persons. The plumber's fixtures were real estate so far as the description and covenants in the deed were concerned, but they were personal property as to the materialmen who had sold them to Naughton upon condition and had filed the contracts as required by the Lien Law. That law makes conditional sales valid when the contract is filed as required and impliedly authorizes the chattels to be "retaken by the vendor." (§ 116.)

The only question left is the effect of constructive notice through the filing of the contracts, for it is conceded that the grantee had no actual notice. Constructive notice to the grantee can have no more effect than if the grantor had told the grantee at the time the deed was delivered that the fixtures belonged to the merchants who furnished them, and this according to *Mott* v. *Palmer* would have been no defense. Constructive notice preserved the rights of the materialmen, but had no effect upon the rights of the grantor and grantee, as between themselves. It left the deed and the covenants therein in full force.

The deed covered the fixtures in question, which did not belong to the grantor, and, as the grantee was compelled to pay the value thereof to the third persons who owned

them, he was properly given judgment for the amount so paid, which was their fair and reasonable value.

I recommend that the judgment be affirmed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, WILLARD BARTLETT, CHASE and COLLIN, JJ., concur.

Judgment affirmed.