### BARWIN REALTY CO. v. UNION STOVE WORKS.

(Supreme Court, Appellate Division, Second Department.  July 27, 1911.)

1. MORTGAGES (§ 454*)—FORECLOSURE—PLEADING.

In foreclosure, an answer stating that defendant owned and is entitled to possession of stoves and ranges sold the mortgagor under reservation of title and installed by the latter on the mortgaged premises, and that defendant has a lien on the stoves and ranges for the purchase price, is equivalent to a denial of the complainant's allegation that any lien of defendant accrued after the mortgage lien or is subject thereto.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 454.*]

---

2. PLEADING (§ 346*)—FRIVOLOUS ANSWER—REMEDY.

Motion for judgment, under Code Civ. Proc. § 537, and not to strike, is the proper remedy against a frivolous answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1060–1064; Dec. Dig. § 346.*]

3. MORTGAGES (§ 151*)—CONDITIONAL SALES—LIEN—PRIORITY.

The lien of a conditional seller of stoves and ranges installed in a tenement house is superior to that of a subsequent mortgagee of the premises; the stoves and ranges retaining their character as chattels as to the seller.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 151.*]

Hirschberg and Rich, JJ., dissenting.

Appeal from Kings County Court.

Action by the Barwin Realty Company against the Union Stove Works. From an order striking an answer, defendant appeals. Reversed, and motion to strike denied.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, BURR, and RICH, JJ.

Miles Rosenbluth, for appellant.

Henry A. Ingraham, for respondent.

BURR, J.  This action is brought for the foreclosure of a mortgage made by one Philip Leizerkowitz to the Barwin Realty Company on September 18, 1908.

[1] The defendant, the Union Stove Works, answered, setting up as an affirmative defense that on October 9, 1908, it sold to the Philip Realty & Construction Company, at that time owner of the mortgaged premises, certain stoves and ranges, upon the agreement that the title thereto should remain in the Union Stove Works until the purchase price thereof was fully paid. The answer further alleges the due filing of the agreement of sale, as required by section 112 of the lien law then in force (Laws of 1897, c. 418), and the omission of the Philip Realty & Construction Company to pay the purchase price of the stoves and ranges, part of which were set up and installed in the mortgaged premises. It further alleges that it is the owner of and entitled to the possession of such stoves and ranges, has a lien thereon for the purchase price thereof, and is an improper party defendant. This we deem equivalent to a denial of the allegation in the complaint that the interest or lien, if any, of the Union Stove Works, has accrued subsequent to the lien of the said mortgage, or is subject or subordinate thereto.

In addition, the record contains the following stipulation:

"And it is further stipulated that the following question of law arising in this case be submitted on appeal: Whether the lien arising from plaintiff's mortgage covers the stoves and ranges installed by defendant, the Union Stove Works, it being agreed that the building on the premises foreclosed herein is a tenement house, that the stoves and ranges are for the permanent equipment thereof and for heating and cooking in said tenement house, and that the mortgagee was not a party to said conditional bill of sale or to any agreement with reference to such stoves and ranges, and that the said stoves and ranges, as alleged in said answer and complaint, were attached to the building and

were delivered upon a conditional sale agreement between the Philip Realty & Construction Company and the Union Stove Works, upon the express condition that the title should vest in the Union Stove Works until fully paid for, and that the said stoves and ranges were delivered to and attached to said building subsequent to the making of the said mortgage, and that a copy of the said conditional agreement was subsequently thereto duly filed at and before the delivery of the said stoves and ranges, and while the Philip Realty & Construction Company, who purchased said premises subject to said mortgage and subsequent to the making of the same, was the owner of said premises."

From an order striking out the answer of said defendant as frivolous, this appeal is taken.

[2] The form of the order is improper. A sham answer may be stricken out (Code of Civil Procedure, § 538); but, when an answer is frivolous, the remedy is to apply to the court for judgment thereon (Code of Civil Procedure, § 537).

[3] Irrespective, however, of any question of form, in view of the stipulation, we have considered the merits of the appeal, and think that the order was improperly granted. It may be true that, if the mortgagor or his successor in interest had acquired title to the stoves and ranges, as between them and the mortgagee they might be deemed part of the realty under the circumstances here disclosed; but, between the vendor of such articles and the owner of the realty, they continued to be personal and the property of the vendor. If, subsequently to the installing of these stoves and ranges, the owner of the property had conveyed the same by a full-covenant deed, including a covenant of seisin, and the grantee had been compelled to pay for the fixtures in order to prevent the materialmen from taking them from the building, an action would lie for breach of such covenant. Herzog v. Marx, 202 N. Y. 1, 94 N. E. 1063. And this upon the ground that, while these fixtures were real estate so far as the description in the deed was concerned, they were personal property as to the vendor thereof. If a subsequent conveyance would not have passed title to these stoves and ranges, it necessarily follows that a prior mortgage would not.

This case presents a different question from that which might arise if the mortgage had been made in installments, and an installment had been advanced after the stoves and ranges had been placed upon the mortgaged premises, and without notice of the conditional sale. In such event the owner of the chattels might have no claim as against the mortgagee. East New York Refrigerator & Woodworking Company v. Halpern, 140 App. Div. 201, 125 N. Y. Supp. 111.

The case of Mechanics' & Traders' Bank v. Bergen Heights Realty Corporation, 137 App. Div. 45, 122 N. Y. Supp. 33, is clearly distinguishable from this case. In that case the title to the personal property passed to the owner of the real property, because, although the sale from the owners thereof to the contractor, who was erecting the houses, was a conditional sale, no notice of this was given to the owner, so that the conditional vendor's rights were lost as to him. The title, having passed to the owner of the property, inured to the benefit of his mortgagee. The language of the opinion in that case, that "the lien of a mortgage covers all that was realty when the mort-

gage was accepted as security, and all accessions to the realty, except where, by valid agreement to which the mortgagee is a party, the character of chattels is impressed upon accessions," was correct in connection with the facts in that case, and was based upon the opinion of the Court of Appeals in McFadden v. Allen, 134 N. Y. 489, 32 N. E. 21, 19 L. R. A. 446. In the latter case there was no question of chattels attached to the realty upon a valid agreement that they should retain their character as personal property. The agreement there·was that the plaintiff in that action, who was the son of the mortgagor, should take possession of the property, have the use of it, and on certain conditions have a deed thereof. As the court said, he became the equitable owner of the property, and on fulfilling the conditions could have compelled a conveyance of the legal title by his father, the mortgagor. It was under such circumstances that the court, speaking of additions to the property, said:

"His position was that of a beneficial owner, subject to the mortgage, and all improvements which he made upon the property were subject to the rules of law applicable to mortgagors and mortgagees."

The order of the County Court of Kings county should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

JENKS, P. J., and WOODWARD, J., concur. HIRSCHBERG and RICH, JJ., dissent.