is somewhat doubtful. We think that the learned county judge would have been justified on the evidence in this case in directing a verdict for the full amount claimed. If any error was committed, it was not to the prejudice of the appellant.

The judgment and order of the County Court of Westchester County should be affirmed, with costs.

WOODWARD and RICH, JJ., concur. THOMAS, J., concurs in result. JENKS, P. J., not voting.

---

ASTOR MORTGAGE CO. v. MILTON CONST. CO. et al.

(Supreme Court, Appellate Division, Second Department. June 21, 1912.)

1. MORTGAGES (§ 151*)—PRIORITIES—CONDITIONAL SALE—RIGHTS OF SELLER.

Where defendant furnished certain plumbing, mantels, and mirrors used for the construction of certain houses, subsequent to the execution of a mortgage on the premises under a conditional contract of sale, and such contracts were duly recorded, the sellers' rights thereunder were superior to those of an assignee of the mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 307, 309–311, 314–329, 332–336; Dec. Dig. § 151.*]

2. MORTGAGES (§ 178*)—PRIORITIES—CONDITIONAL SALE—RECORD—RENEWAL PENDENTE LITE.

Where certain plumbing was furnished and used in the construction of certain houses under a conditional sale contract, subsequent to the execution of a mortgage on the premises, and the contract was duly filed and was on record at the time of the commencement of the suit to foreclose the mortgage, the rights of the seller as against an assignee of the mortgage were not prejudiced by his failure to redocket his contract at the end of the year and during the pendency of the action; its rights having been fixed at the date of the commencement thereof.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 426–434, 437–441; Dec. Dig. § 178.*]

Appeal from Special Term, Kings County.

Action by the Astor Mortgage Company against Milton Construction Company and others to foreclose a mortgage on real property, in which the Colwell Lead Company and the Hudson Mantel & Mirror Company were joined to cut off their interests in certain plumbing, mantels, and mirrors used in the construction of the houses mortgaged, sold under a conditional sale. From a judgment of foreclosure, cutting off the rights of such conditional sellers, they appeal. Reversed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Henry Hetkin, of Brooklyn, for appellant Colwell Lead Co.

Samuel Bitterman, of New York City, for appellant Hudson Mantel & Mirror Co.

Jacob Marx, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J. [1] This action was brought to foreclose a purchase-money mortgage assigned to the plaintiff. The defendants Hudson Mantel & Mirror Company and the Colwell Lead Company had, subsequent to the mortgage, furnished plumbing, mantels, and mirrors used in the construction of certain houses upon the premises covered by the mortgage; but these materials had been placed under contracts of conditional sale, which contracts were duly recorded according to law, and the question here presented is whether the plaintiff is entitled to hold these materials as a part of the mortgage security, or whether they belong to the appealing defendants.

So far as the Hudson Mantel & Mirror Company's claim is concerned, it cannot be distinguished from the case of Barwin Realty Co. v. Union Stove Works, 146 App. Div. 319, 130 N. Y. Supp. 781, and the judgment in so far as it cuts off said company should, of course, be reversed.

[2] The only distinction we are able to discover between the claim of the Colwell Lead Company and that involved in the Barwin Realty Co. Case, supra, is that while the defendant's original conditional contract was duly filed, as required by law, and was on record at the time of the commencement of the action, it appears that the same was not redocketed at the end of the year, and during the pendency of the action. Just how this could operate to give the plaintiff a right to take materials which belonged to the defendant Colwell Lead Company at the time the action was commenced does not occur to us. The litigation relates to the facts as they existed when the action was commenced, and, at that time, the defendant had not parted with title. Being a party to the action, the defendant was not called upon to redocket its conditional sales contract to preserve its rights, for title could not vest in the Milton Construction Company under the contract in any event, though a third party, dealing with that company without notice of the conditional contract, might gain rights which could not be divested.

The judgment, in so far as it affects the defendants Colwell Lead Company and the Hudson Mantel & Mirror Company, should be reversed, with costs, upon the authority of the case above cited.

THOMAS, CARR, and RICH, JJ., concur. JENKS, P. J., not voting.