■ PATRICK PONTIAC NISSAN, INC., Appellant, v JOTRIC LAND DEVELOPMENT, Respondent. [703 NYS2d 630] —Order unanimously affirmed with costs. Memorandum: Plaintiff commenced this action seeking to recover the cost of repairs and improvements it made to property leased from defendant. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment. Inasmuch as the lease contains no express covenant by defendant to repair or improve the leased premises, defendant had no obligation to make repairs or improvements or to pay for repairs or improvements made by plaintiff (*see, Witty v Matthews,* 52 NY 512, 514; *Bomrad v Van Curler Trucking Corp.,* 109 AD2d 1067, 1068). Moreover, no such covenant will be implied (*see, Witty v Matthews, supra,* at 515; *Potter v New York, Ontario & W. Ry. Co.,* 233 App Div 578, 582, *affd* 261 NY 489). Thus, the provision in the lease that plaintiff shall, at its "own cost and expense make all repairs and improvements not to exceed $1,000.00 for any one such repair or improvement" does not imply a covenant on defendant's part to make repairs and improvements exceeding $1,000 (*see, Emigrant Indus. Sav. Bank v 108 W. 49th St. Corp.,* 255 App Div 570, 575, *affd* 280 NY 791; *see also, Refrigeration for Science v Deacon Realty Corp.,* 70 Misc 2d 500, 507, *affd* 42 AD2d 691). Nor did the voluntary repair of the premises obligate defendant to make further repairs or improvements to the leased premises (*see, Bomrad v Van Curler Trucking Corp., supra,* at 1068; *Potter v New York, Ontario & W. Ry. Co., supra,* at 583). Finally, plaintiff's contention that reformation of the lease agreement is an appropriate remedy is not properly before us. Plaintiff neither pleaded a cause of action for reformation (*see, Surlak v Surlak,* 95 AD2d 371, 381) nor raised that contention at Supreme Court (*see, Zankowski v Johns-Manville Corp.,* 204 AD2d 1023). (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Green, A. P. J., Hayes, Pigott, Jr., and Scudder, JJ.