■ BROADWAY CENTRAL PROPERTY INCORPORATED, Appellant, v 682 TENANT CORPORATION et al., Respondents. [749 NYS2d 225] —Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered December 12, 2001, which, to the extent appealed from as limited by the brief, granted defendant's motion for partial summary judgment dismissing plaintiff's third cause of action to the extent that such cause sought reimbursement of $37,500 expended by plaintiff in renovating a first-floor areaway, dismissed pursuant to CPLR 3211 plaintiff's fifth through eighth causes of action, and granted defendants summary judgment on their fifth counterclaim, unanimously affirmed, with costs.

That portion of plaintiff cooperative conversion sponsor's third cause of action which sought recovery of $37,500 for work performed by it to a common area of defendant cooperative corporation's premises was properly dismissed because neither the parties' lease nor common law requires defendant co-op to

bear the costs of the sponsor's unnecessary improvements (*see Patrick Pontiac Nissan v Jotric Land Dev.*, 269 AD2d 803), as distinguished from ordinary maintenance and repair work. Nor was plaintiff entitled to reimbursement upon the equitable theory that defendants were unjustly enriched by the improvements to the property, particularly since plaintiff and its commercial sublessees were the principal beneficiaries of the improvements.

The IAS court properly characterized plaintiff's grounds for seeking disqualification of defendant Andrews Building Corporation as managing agent as "specious" and, indeed, in the absence of factual support for plaintiff's contention that Andrews caused the co-op to act in a biased manner, both plaintiff's direct and derivative claims were properly dismissed.

Also proper was the court's grant of summary judgment to defendants upon their fifth counterclaim, declaring that the co-op is the owner of a sign box affixed to the outside of the building on the first-floor level, since the sign box is a trade fixture and was conveyed to the co-op along with the real property (*see Herzog v Marx*, 202 NY 1). This being the case, plaintiff did not, by alleging that defendants wrongfully converted the sign box, state a cause of action for trespass.

Finally, plaintiff's seventh cause of action was properly dismissed on the ground that New York does not recognize a civil cause of action for harassment. Nor may the allegations underlying plaintiff's harassment claim survive as causes of action for abuse of process or prima facie tort. Concur—Williams, P.J., Nardelli, Andrias and Marlow, JJ.